UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAJMA IBN TALAL,

                Plaintiff,

-against-

THE SUPREME COURT OF NEW YORK COUNTY, ET AL.,

                Defendants.

22-CV-1476 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated February 24, 2022, the Court under 28 U.S.C. § 1404(a), transferred this action to the United States District Court for the Eastern District of New York. (ECF 4.) On March 2, 2022, Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF 7.) On March 3, 2022, the Clerk of Court electronically transferred the case to the Eastern District of New York,[1] and on the same day, the Court received notice from the Eastern District of New York that it had received the action, assigning it case number 2:22-CV-01165.

## DISCUSSION

Because this case has been transferred to the United States District Court for the Eastern District of New York, the Court must first consider whether it has jurisdiction to consider Plaintiff's requests. The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor

---

[1] Under this Court's Local Civil Rule 83.1, "[i]n a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court."

court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995).

Here, the Court directed that this action be transferred to the Eastern District of New York on February 24, 2022, and the Eastern District of New York received the case on March 3, 2022. Plaintiff filed her application for the Court to request *pro bono* counsel on February 25, 2022. Because Plaintiff filed her application before the action was received by the Eastern District of New York, this Court retains jurisdiction to consider her motion.[2] Because this action is closed, the Court denies Plaintiff's application as moot.

Between March 16 and March 18, 2020, Plaintiff filed thirteen requests for subpoenas. (ECF 10-22.) Because Plaintiff's requests were filed after this action was received by the Eastern District of New York, the Court lacks jurisdiction to consider Plaintiff's requests. In any event,

---

[2] The Court also retains jurisdiction to consider Plaintiff's application even though Plaintiff filed a notice of appeal of the transfer order on February 25, 2022. (ECF 5.) Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But "[a] transfer order is an interlocutory order that is not immediately reviewable by appeal." *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 176 (2d Cir. 2000). Because Plaintiff has attempted to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective, and this Court retains jurisdiction over this action. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception … [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

because this case is closed, Plaintiff's requests must be directed to the Eastern District of New York.[3]

## CONCLUSION

The Court denies Plaintiff's application for the Court to request *pro bono* counsel as moot. (ECF 7.)

Plaintiff's case in this Court under Docket No. 22-CV-1476 (LTS) is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (*See* ECF 9, at 9.)

SO ORDERED.

Dated:   March 18, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[3] It appears that Plaintiff may also be attempting to amend her complaint. (*See* ECF 6, 9.) Because this case is closed, if Plaintiff wishes to amend her complaint, she must file any amended complaint in the Eastern District of New York.